# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
September 05, 2024
Nathan Ochsner, Clerk of Court

No. 23-20462
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 14, 2024
Lyle W. Cayce
Clerk

Valerie Reiss,

*Plaintiff—Appellant,*

versus

Texas A&M University; Doctor John L. Junkins,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-263

---

Before Jones, Smith, and Dennis, *Circuit Judges.*
Per Curiam:[*]

Plaintiff-Appellant Valerie Reiss contends that Defendants-Appellees Texas A&M University and Mark Welsh III[1] (collectively "TAMU")

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Reiss initially filed this lawsuit against Dr. John L. Junkins in his official capacity as interim president of Texas A&M University. On July 21, 2023, Welsh became the new interim president of Texas A&M University. Pursuant to Federal Rule of Civil Procedure 25(d), Welsh has taken Dr. Junkins's position as a defendant in this litigation. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official

No. 23-20462

discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, for disability discrimination and failure to accommodate. The district court granted TAMU's motion for summary judgment, dismissed Reiss's claims, and entered final judgment. For the reasons that follow, we AFFIRM.

I

Valerie Reiss was a student in Texas A&M University's Doctor of Veterinary Medicine ("DVM") program. It is undisputed that while enrolled in the DVM program, Reiss requested and received accommodations through the disability services office for back conditions exacerbated by a car accident in Spring 2016. Reiss received accommodations in the form of extended time for exams, flexibility with tardiness, and limited physical activity. The disability services office provided the same accommodations to Reiss each semester. Reiss was dismissed from the DVM program in April 2019 after receiving a failing grade in her Small Animal General Surgery Rotation. Pursuant to the Texas A&M University Professional Student Handbook, a student is automatically dismissed if they accumulate three Ds, two Fs, or two Ds and one F. Her first semester, Reiss received an F in Small Animal Anatomy and a D in Physiology. In April 2019, Reiss received an F in her Small Animal General Surgery Rotation—her second F while enrolled in the DVM program—and was automatically dismissed from the program.

The bulk of Reiss's claims centers around her experience in her Small Animal General Surgery Rotation. Reiss argues that during this rotation, her supervisor, Dr. Amanda Richards, did not accommodate her disability.

---

capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

2

Specifically, Reiss alleges that during a surgery on March 7, 2019, Dr. Richards failed to provide her a cart or a standing desk and was angry with Reiss when she raised concerns about her disability and accommodations. The following day, Dr. Richards asked Reiss how the accommodations were going, and Reiss responded that the accommodations were "pretty good overall." During this same conversation, Dr. Richards raised concerns that Reiss was approaching things with "a little too much confidence" and cautioned her to ask questions when she was unsure about something.

On March 18, 2019, Dr. Richards sent Reiss an email with more concerns about Reiss's performance. Dr. Richards listed several issues she saw, including Reiss miscommunicating with another student about which medication to prescribe, Reiss being unable to evaluate a patient by sight, and Reiss being unable to address her patient's hypotension effectively. Dr. Richards then outlined several areas where Reiss needed to improve, including asking questions before moving forward, communicating more accurately and effectively with her classmates, and taking instruction seriously. Reiss responded with her own interpretation of the points that Dr. Richards had raised, asking to be "given the benefit of the doubt," and the opportunity "to show the improvement" Dr. Richards was looking for. Dr. Richards responded again, copying other faculty on the email, raising concerns about Reiss's performance and her ability to be a competent veterinarian. Reiss failed the rotation and was automatically dismissed from the DVM program.

Following the second failing grade, this time in her Small Animal General Surgery Rotation, Reiss was given a choice between initiating a grade appeal process or appealing for readmission, either of which had to happen within ten business days from the date of her automatic dismissal. Instead of pursuing either option at that time, Reiss requested a medical deferral from the DVM program, which was approved in April 2019. In approving Reiss's

medical deferral, the letter specifically stated that "because you have been dismissed from the professional curriculum based upon your accumulation of 2Fs and 1D in the DVM program, 10 days following your return from the medical deferral, you must notify the Professional Programs Office if you wish to appeal the failing grade . . . or if you wish to appeal for readmission to the DVM program." Reiss neither initiated a grade appeal nor appealed for readmission into the DVM program.

In May 2019, she requested accommodations in the form of completing all rotations at alternative locations in Dallas—away from Texas A&M University. A committee responsible for reviewing accommodation requests denied this accommodation, finding it to be unreasonable. Instead, the disability services office offered Reiss (1) meetings with clinical supervisors and a veterinary school representative before each rotation to review accommodations and discuss concerns; (2) weekly meetings to ensure all accommodations were being provided; and (3) an opportunity to work with Student Counseling Services to ensure additional counseling was available. Reiss insisted this offer was unacceptable.

In August 2019, Reiss indicated that she wished to return to active student status and again requested the additional accommodation of completing all final rotations in Dallas. Texas A&M University responded that Reiss had been dismissed from the DVM program and that she must either pursue a grade appeal or apply for readmission before changing her student status to active. They also noted that Reiss may not move forward with the grade appeal process until she indicated she was ready to return from the medical deferral. Reiss acknowledges that she neither appealed her failing grade nor applied for readmission to the DVM program, and that following this August 2019 exchange, she ceased all communications with Texas A&M.

No. 23-20462

Reiss brought this lawsuit in January 2021, bringing claims for violations of the ADA and the Rehabilitation Act for disability discrimination and failure to accommodate. TAMU filed a motion for summary judgment. Following a Report and Recommendation by the magistrate judge, the district court granted the motion for summary judgment, dismissed Reiss's claims, and entered final judgment. Reiss timely appealed.

II

This court reviews a district court's grant of summary judgment *de novo*. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In determining whether a genuine issue as to any material fact exists, [the court] must view the evidence in the light most favorable to the nonmoving party." *Fahim*, 551 F.3d at 348–49.

III

Reiss appeals the entry of summary judgment as to her disability discrimination and failure to accommodate claims.[2] Reiss argues that the district court erred in entering summary judgment on her disability discrimination claims because "the evidence showed that Reiss could not return from her medical deferral unless and until she was provided the accommodations requested." TAMU responds that the sole reason for

---

[2] On appeal, TAMU argues that Reiss did not adequately allege disability discrimination claims in her amended complaint. The district court stated that it was "not entirely clear whether Reiss intends to bring discrimination claims," but it addressed the merits of Reiss's discrimination claims out of an abundance of caution. Reiss's amended complaint includes headings for "failure to accommodate" and "discrimination." Although TAMU is correct that much of Reiss's amended complaint discusses her failure to accommodate claims, we will address Reiss's disability discrimination claims as her amended complaint clearly alleges such a claim.

Reiss's dismissal from the program was her failure to meet the academic standards, and that Reiss failed to create a dispute of material fact on this issue.

To establish a disability discrimination claim under either the Rehabilitation Act or the ADA[3] "in the context of a student excluded from an educational program, on summary judgment, a plaintiff must create a genuine dispute of material fact that: (1) she has a disability; (2) she is otherwise qualified to participate in the defendant's program; and (3) she was excluded from the program on the basis of her disability." *Maples v. Univ. of Tex. Med. Branch*, 901 F. Supp. 2d 874, 879 n.3 (S.D. Tex. 2012), *aff'd*, 524 F. App'x 93 (5th Cir. 2013). To prevail on a failure to accommodate claim under either statute, on summary judgment, a plaintiff must create a genuine dispute of material fact that: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020).[4] Thus, under both claims, Reiss must be otherwise "qualified" to participate in the DVM program.

---

[3] The Rehabilitation Act was enacted "to ensure that handicapped individuals are not denied jobs or other benefits because of prejudiced attitudes or ignorance of others." *Brennan v. Stewart*, 834 F.2d 1248, 1259 (5th Cir. 1988). Similarly, the ADA was enacted to prevent discrimination against individuals with disabilities. *Id.* As the language in the statutes contain parallel language, [j]urisprudence interpreting either section is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).

[4] A "qualified individual with a disability" under the ADA is an "individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The Rehabilitation Act similarly prevents discrimination against "qualified individuals with disabilities." 29 U.S.C. § 701.

Reiss argues that she was qualified for the program because she passed a licensing exam and had been offered several jobs. This is inapposite. It is apparent based on the record that Reiss does not meet the essential eligibility requirements for participation in the program articulated in the Texas A&M University Professional Student Handbook. *McGregor v. La. State Univ. Bd. of Sup'rs*, 3 F.3d 850, 855 (5th Cir. 1993) (holding that "to be otherwise qualified for retention, McGregor must be capable of satisfying the academic and technical requirements set by the Law Center with the aid of reasonable accommodations"); *see also Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 221 (5th Cir. 2018) (finding that the plaintiff satisfied the essential eligibility requirements to remain in the program where he passed all the required curriculum and his third-year clinical rotations with honors). She failed the Small Animal General Surgery rotation as a result of her poor academic performance, and neither appealed her failing grade nor appealed for readmission. *Maples*, 901 F. Supp. 2d at 882 (quoting *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 465 (4th Cir. 2012)) ("[T]he law does not require the school to ignore misconduct that has occurred because the student subsequently asserts it was the result of a disability."). Reiss was unable to meet the essential eligibility requirements of the DVM program, and thus, cannot bring a failure to accommodate claim or a disability discrimination claim under either the ADA or the Rehabilitation Act.

For the foregoing reasons, the judgment of the district court is AFFIRMED.